IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KERRY CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-140-MHT-GMB |
| | ) | [WO] |
| TEXAS STEAKHOUSE OF ALABAMA | ) | |
| INC., d/b/a CLUB O, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings and the preparation of any appropriate orders and recommendations. Doc. 20. Pending before the court are the Motion to Remand (Doc. 13) filed by Plaintiff Kerry Chappell, and the Motion to Realign (Doc. 3) filed by Defendant Colony Specialty Insurance Company ("Colony Specialty"). On the basis of these filings and for the reasons stated below, it is the RECOMMENDATION of the court that the Motion to Remand (Doc. 13) be DENIED and that the Motion to Realign (Doc. 3) be GRANTED.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In January 2010, a gunfight broke out at Club O, a nightclub operated by Defendant Texas Steakhouse, d/b/a Club O ("Texas Steakhouse"). Doc. 1 at 3. Chappell, a bystander to the fight, was injured by stray bullets, suffering wounds to his shoulder, back and abdomen. Doc. 1-18 at 3–4. He filed a personal injury lawsuit on

January 6, 2012 in the Circuit Court of Montgomery County, Alabama against Texas Steakhouse; Defendant B.A.T.S. Security, Inc. ("B.A.T.S."); Cotton Pillow, LLC; and the Estate of Ki Chon Choi. Doc. 1-1. Chappell is a resident of the State of Alabama. Doc. 1-15 at 2. Texas Steakhouse is an Alabama corporation with its principal place of business in Alabama. Doc. 1-15 at 2–3. B.A.T.S. provided security services to Club O and for jurisdictional purposes is an Alabama limited liability company with its principal place of business in Alabama and its only member residing in Alabama. Docs. 1 at 14–15, 1-15 at 2–3, 1-18 at 3.[1]

Both Cotton Pillow, LLC and the Estate of Ki Chon Choi were awarded summary judgment on June 6, 2014, but the case continued against Texas Steakhouse and B.A.T.S. Doc. 1-4. Chappell's remaining claims were set for a bench trial on July 22, 2015. Doc. 1 at 3. At trial, Texas Steakhouse and B.A.T.S. declined to present a defense, and the Circuit Court of Montgomery County entered a judgment against them in the amount of $5,000,000. Doc. 1-5. On December 24, 2015, Chappell filed a motion for declaratory judgment alleging that Colony Specialty wrongfully denied coverage under a liability insurance policy issued to Texas Steakhouse and seeking to recover the full judgment from Colony Specialty. Doc. 1-7 at 7–11. This motion was set for hearing on February 1, 2016, during which Chappell's attorney argued that "Alabama Insurance Code, Chapter 23" authorized Chappell to bring a direct action against Colony Specialty because its insured, Texas Steakhouse, failed to satisfy the $5,000,000 judgment. Doc.

---

[1] The Notice of Removal indicates B.A.T.S. may have been dissolved since the filing of the underlying lawsuit. *See* Doc. 1 at 14–15.

1-10 at 4–5.

On February 3, 2016, the Circuit Court issued an order declaring Colony Specialty liable for the full judgment. Doc. 1-13. Prior to this date, Colony Specialty had not been made a party to the lawsuit, nor had it been served with any pleading. Docs. 1-7 at 2–3 & 1-13 at 4. Its registered agent did, however, receive a copy of the February 3, 2016 order on February 5, 2015. Doc. 1-7 at 2. Colony Specialty filed its Notice of Removal on March 1, 2016. Doc. 1. It avers that it is an Ohio corporation with its principal place of business in the Commonwealth of Virginia. Doc. 1 at 15. Chappell's Motion to Remand followed 31 days after the Notice of Removal, on April 1, 2016. Doc. 13.

## II. DISCUSSION

This is a court of limited jurisdiction. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted). Even so, cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state court proceeding. *E.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This is such a case. The court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) and that Chappell waived his right to challenge any procedural defect in the removal by filing his Motion to Remand outside of the thirty days allowed by 28 U.S.C. § 1447(c).

### A. Subject Matter Jurisdiction

For a case to be removed on diversity grounds, there must be complete diversity of

citizenship, none of the properly served defendants may be a citizen of the state in which the action was brought, and the amount in controversy must meet the $75,000 threshold for original federal jurisdiction. *See* 28 U.S.C. §§ 1332(a) (requiring diversity of citizenship and $75,000 in controversy) & 1441(b)(2) (prohibiting diversity removal where any defendant is a citizen of the state in which the case was filed).[2]  Here, the parties do not dispute the amount in controversy. *See* Doc. 13 at 8.  The court agrees that this prerequisite has been met by virtue of the $5,000,000 judgment entered by the state court. *See* Doc. 1-13.  This court's subject matter jurisdiction thus turns on whether there is complete diversity of citizenship with no defendant residing in the State of Alabama.

As currently aligned, this case pits an Alabama plaintiff (Chappell) against two Alabama defendants (Texas Steakhouse and B.A.T.S.) and one Ohio and Virginia defendant (Colony Specialty).  Thus, the parties would not be completely diverse for purposes of 28 U.S.C. § 1332.  Yet there is a "strong federal preference to align the parties in line with their interests in the litigation," and federal law governs this designation. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).  Neither state law nor the parties' own designations have any bearing on the proper alignment of the parties for removal purposes—what matters is whether the parties' interests are materially the same. *Id.* at 1314.

Colony Specialty relies on *City of Vestavia Hills* in arguing that Texas Steakhouse

---

[2] No party invokes the federal-question jurisdiction of this court.  On review of the record, the court finds no federal question that would supply an independent basis for subject matter jurisdiction.

and B.A.T.S. should be treated as plaintiffs because their interests merged with Chappell's following entry of the $5,000,000 judgment against them. The court agrees that *City of Vestavia Hills* controls the outcome in this case. In *City of Vestavia Hills*, the city won a state-court judgment against a real estate development company. *Id.* at 1312. The developer submitted a claim to its insurer for the judgment. *Id*. When the insurer declined coverage, the city brought a separate action against the developer and insurer pursuant to Alabama Code § 27-23-2. *Id*. The insurer removed this direct action to federal court, where the United States District Court for the Northern District of Alabama realigned the city and developer as plaintiffs because their "interests converged . . . in that both . . . want to force [the insurer] to provide coverage." *Id*. Without realignment, the parties were non-diverse and the case would have been remanded. *See id*.

In affirming the realignment and removal, the Eleventh Circuit noted that "in determining subject matter jurisdiction on the basis of diversity, 'the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party.'" *Id*. at 1314 (quoting *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998)). Moreover, even though the City of Vestavia Hills sued the developer along with the insurer, the action did not seek any relief from the developer since the underlying claims had been resolved by entry of a money judgment. *Id*. In that posture, "[t]here no longer is any dispute between Vestavia Hills and [the developer], and the only thing that [the developer] could want out of this case is for Vestavia Hills to win. Obviously, the two parties' interests are identical or at least materially so." *Id*. The

5

Eleventh Circuit also expressly rejected the argument, now advanced by Chappell, that realignment would result in a direct action as defined by 28 U.S.C. § 1332(c)(1), which treats an insurer as a citizen of every state in which its insured is a citizen. *Id*. at 1315.

Chappell makes no effort in his Motion to Remand to distinguish the instant circumstances from those presented in *City of Vestavia Hills*—perhaps because no meaningful distinction exists. Both must be considered direct actions against insurers pursuant to Alabama Code § 27-23-2 even if Chappell styled his pleading as a motion for declaratory judgment rather than a separate complaint against Colony Specialty. Chappell's attorney admitted as much when he cited Title 27 (the "Alabama Insurance Code") and Chapter 23 of the Alabama Code in oral argument on the motion. *See* Doc. 1-10 at 4–5. Moreover, § 27-23-2 provides the exclusive remedy under Alabama law for direct actions against insurers in this context. *See Maness v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 416 So. 2d 979, 982 (Ala. 1982), *abrogated on other grounds*, *Woodall v. Alfa Mut. Ins. Co.*, 658 So. 2d 369 (Ala. 1995) ("We hold that the cross-claims . . . against the insurance carriers are a form of direct action against an insurance carrier and not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured.") (citing Alabama Code §§ 27-23-1 & -2); *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 650 (Ala. 2004) (rejecting the argument that a plaintiff may proceed directly against an insurer under Alabama's general declaratory-action statute (Ala. Code § 6-6-223) instead of § 27-23-2). Therefore, the procedural posture of the two lawsuits is indistinguishable.

So, too, is the nature of the parties' interests. Texas Steakhouse and the defendant developer in *City of Vestavia Hills* are cut from the same cloth—both have been found liable for money judgments that their insurers refuse to pay.[3] And those same judgments bring the insureds' interests in line with the injured parties' interests. This effect was aptly described in *Porter v. Crumpton & Associates, LLC*, 862 F. Supp. 2d 1303 (M.D. Ala. 2012):

> If a plaintiff sues a tortfeasor's insurer without first joining the tortfeasor or obtaining a judgment against him, the insurer and tortfeasor have a unified interest in contesting liability and damages. Both want to retreat behind the castle walls, raise the drawbridge, and began preparing to defend against the plaintiff's siege. . . . The situation changes, however, when the plaintiff has already conquered the tortfeasor. Then, the tortfeasor's allegiance shifts, and he has little choice but to join the plaintiff in his attempt to storm the insurer's castle. Hence it would make far less sense to treat the insurer and tortfeasor as allies in this scenario . . . .

*Id*. at 1307–08. Here, the court can only conclude that Texas Steakhouse and Chappell have joined forces against Colony Specialty, just as Vestavia Hills joined with the wrongdoing developer against its insurer. Texas Steakhouse therefore must be considered a plaintiff for removal purposes. *City of Vestavia Hills*, 676 F.3d at 1314; *cf. Gulf Hauling & Const., Inc. v. QBE Ins. Corp.*, 2013 WL 2179278, at *6 (S.D. Ala. 2013) (distinguishing *City of Vestavia Hills* because the direct action was premature in that judgment had not yet been entered in the underlying lawsuit).

---

[3] Colony Specialty contends that another company, Colony Insurance Company, issued the policy to Texas Steakhouse. Doc. 1 at 3–4. The merits of Chappell's claims are not before the court at this stage in the proceedings. For present purposes, the relevant fact is that Chappell alleged these claims against Colony Specialty at the time of the removal. *See, e.g.*, *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed.") (citations omitted).

B.A.T.S., on the other hand, did not have an insurance policy with Colony Specialty, so Chappell might argue—though he has not—that *City of Vestavia Hills* does not compel the realignment of B.A.T.S. even if it has that effect on Texas Steakhouse. At least under the circumstances presented here, this is a distinction without a difference. Realignment to conform with the parties' true interests is "not to be determined by mechanical rules.  It must be ascertained from the 'principal purpose of the suit,' and the 'primary and controlling matter in dispute.'" *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69–70 (1941) (citations omitted).  The principal—and perhaps the only—purpose of Chappell's suit against Colony Specialty is to collect on her $5,000,000 judgment.  As it stands now, Texas Steakhouse and B.A.T.S. are jointly liable for the full amount of that judgment. *See* Doc. 1-5.  Any recovery from Colony Specialty reduces B.A.T.S.'s liability just as it offsets Texas Steakhouse's obligations. Otherwise, both are on the hook.  B.A.T.S. has been left with no choice but to take up arms with Chappell and Texas Steakhouse against Colony Specialty, and for this reason *City of Vestavia Hills* compels that B.A.T.S. be realigned as a plaintiff.

Upon realignment, the three plaintiffs are Alabama citizens, while the sole defendant is a citizen of Ohio and Virginia.  The parties are therefore completely diverse within the meaning of 28 U.S.C. § 1332(a) and there is no defendant who is an Alabama citizen.  Because the amount-in-controversy requirement is also satisfied, this court has subject matter jurisdiction over this action.

B.     **Waiver of Procedural Defects**

In addition to contesting subject matter jurisdiction, Chappell raises a number of

procedural defects in his Motion to Remand. However, he waived these arguments by filing his motion outside of the time allowed by 28 U.S.C. § 1447(c), which provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." *See*, *e.g.*, *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001) (holding that the district court exceeded its authority by remanding for a procedural defect not raised by the parties). Because Chappell filed his motion 31 days after the notice of removal, the court pretermits any discussion of purported procedural defects such as the timeliness of Colony Specialty's removal or its failure to join all named defendants in the removal petition. *See, e.g.*, *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n.1 (11th Cir. 2008) ("[U]ntimeliness is a 'procedural' defect in removal rather than a 'jurisdictional' defect.") (citing *In Re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997)); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1411 n.2 (11th Cir. 1997) ("The failure to join all defendants in the petition is a defect in the removal procedure.") (citations omitted).

### C. Motion to Realign

Colony Specialty has filed a Motion to Realign (Doc. 3) requesting that Texas Steakhouse and B.A.T.S. be designated as plaintiffs in this matter. For the reasons stated above, that motion is due to be GRANTED. The Clerk's Office is also directed to designate Colony Specialty as a defendant.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

Motion to Remand (Doc. 13) be DENIED, and that the Motion to Realign (Doc. 3) be GRANTED.

It is further ORDERED that on or before **June 9, 2016** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 26th day of May, 2016.

                                            /s/ Gray M. Borden
                                   UNITED STATES MAGISTRATE JUDGE