IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KERRY CHAPPELL, *et al.*,  ) | |
| ) | |
|    Plaintiffs,  ) | |
| ) | |
| v.  ) | CASE NO.: 2:16-cv-140-MHT-GMB |
| ) | |
| COLONY SPECIALTY INSURANCE  ) | |
| COMPANY,  ) | |
| ) | |
|    Defendant.  ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the Motion to Vacate a Void Judgment (Doc. 2) and Motion to Vacate and Enjoin State Proceedings (Doc. 12) filed by Defendant Colony Specialty Insurance Company's ("Colony Specialty"). Also before the court is Colony Specialty's Supplement to Motion to Vacate and Enjoin State Proceedings (Doc. 18). Having reviewed these filings, and for the reasons that follow, it is ORDERED that Colony Specialty's Motion to Vacate a Void Judgment (Doc. 2) is GRANTED. The Motion to Vacate and Enjoin State Proceedings (Doc. 12) is GRANTED to the extent it seeks to vacate post-removal state-court proceedings and otherwise DENIED as moot with leave to refile.

**I. PROCEDURAL HISTORY**

This case arises out of a shooting in January 2010 at Club O, a nightclub operated by Defendant Texas Steakhouse of Alabama, Inc., d/b/a Club O ("Texas Steakhouse"). Doc. 1 at 3. Plaintiff Kerry Chappell was wounded during the shooting. Doc. 1-18 at 3–4. Chappell filed suit on January 6, 2012, in the Circuit Court of Montgomery County,

Alabama (the "Circuit Court") against Texas Steakhouse; Defendant B.A.T.S. Security, Inc. ("B.A.T.S."); Cotton Pillow, LLC ("Cotton Pillow"); and the Estate of Ki Chon Choi (the "Choi Estate"). Doc. 1-1.  The Circuit Court entered summary judgment in favor of Cotton Pillow and the Choi Estate, and later entered a judgment in favor of Chappell and against the remaining defendants, Texas Steakhouse and B.A.T.S., in the amount of $5,000,000. Docs. 1-4 & 1-5.

On December 24, 2015, Chappell filed a motion for declaratory judgment in the Circuit Court, alleging that Colony Specialty, a non-defendant at that time, wrongfully denied coverage for his $5,000,000 judgment against Texas Steakhouse under a liability insurance policy Colony Specialty allegedly issued to Texas Steakhouse. Doc. 1-7 at 7–11. Chappell argued that Alabama law permitted him to bring a direct action against Colony Specialty because its insured, Texas Steakhouse, had failed to satisfy the $5,000,000 judgment. Doc. 1-10 at 4–5.

On February 3, 2016, the Circuit Court issued an order declaring Colony Specialty liable for the full $5,000,000 judgment. Doc. 1-13.  However, at the time this order was entered, Colony Specialty was not a party to the Circuit Court lawsuit. Docs. 1-7 at 2–3 & 1-13 at 4.  In fact, Colony Specialty was not served with a copy of the Circuit Court's February 3, 2016 declaratory judgment until February 5, 2016. Doc. 1-7 at 2.

On March 1, 2016, shortly after Colony Specialty received notice of the $5,000,000 judgment, it removed the case from the Circuit Court to this court and moved to realign Texas Steakhouse and B.A.T.S. as plaintiffs. Doc. 3.  Chappell filed a motion to remand, but the motion was denied, and the court realigned the parties with Chappell, Texas

2

Steakhouse, and B.A.T.S. as plaintiffs and Colony Specialty as the only defendant. Docs. 13 & 22.

Even though the case had been removed to this court, Chappell continued to litigate the case in the Circuit Court, which resulted in the Circuit Court's issuance of an order on March 23, 2016 that voided its February 3, 2016 declaratory judgment, set hearing dates, and granted Chappell leave to file an amended complaint. Docs. 12-1 to 12-5. On March 24, 2016, Chappell filed a third amended complaint in the Circuit Court against Colony Specialty. Doc. 12-6. On July 28, 2016, this court held a telephonic status conference, during which the parties represented that no action had been taken in the Circuit Court since Chappell filed the third amended complaint.

## II. DISCUSSION

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void either due to a jurisdictional defect or a due process deprivation as a result of a lack of notice and an opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (internal citations omitted). A district court has little discretion in reviewing a

motion to vacate a judgment under Rule 60(b)(4)—if the judgment is void, the court must set it aside. *Burke v. Smith*, 252 F.3d 1260, 1267 (11th Cir. 2001).

Colony Specialty argues that the Circuit Court's February 3, 2016 declaratory judgment is void. The court agrees. Colony Specialty was not served with process and was not made a party to the Circuit Court action before the February 3, 2016 judgment was entered. Further, in apparent acknowledgement that its February 3, 2016 judgment was void, the Circuit Court set that judgment aside on March 23, 2016.[1] Doc. 12-3. Because Colony Specialty was given no notice or an opportunity to be heard until after the Circuit Court entered its February 3, 2016 declaratory judgment, the judgment is void and must be set aside.[2] Accordingly, Colony Specialty's motion to vacate that judgment (Doc. 2) is GRANTED.

Colony Specialty also requests that all action taken in the Circuit Court since the case was removed be set aside. The removal statute, 28 U.S.C. § 1446(e), states that after removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(e). Thus, after removal, the state court's jurisdiction "absolutely ceases and the state court has a duty not to proceed any further in the case." *Maseda*, 861 F.2d at 1254. Accordingly, any proceedings in the Circuit Court following removal on March 1, 2016 are void. Therefore, the Motion to Vacate and Enjoin State Proceedings (Doc. 12) is

---

[1] As discussed *infra*, the Circuit Court's action on March 23, 2016 voiding the February 3, 2016 declaratory judgment is itself void, thus necessitating action by this court to void the February 3, 2016 judgment. *See* 28 U.S.C. § 1446(e) (stating that a state court cannot proceed in any case after it has been removed to federal court).

[2] Colony Specialty was served with a copy of the February 3, 2016 judgment on February 5, 2016, after the judgment had been entered but before removal to this court. The Circuit Court thus acquired personal jurisdiction over Colony Specialty prior to removal.

GRANTED to the extent it seeks to vacate all post-removal proceedings in the Circuit Court.

However, apart from the Circuit Court's March 23, 2016 order and Colony Specialty's filing of a third amended complaint, there is no evidence before the court to suggest that proceedings in the Circuit Court have continued or that such proceedings will resume in the future. Indeed, the parties represented to the court during the telephonic status conference on July 28, 2016 that no action had taken place in the Circuit Court since Colony Specialty filed its third amended complaint on March 24, 2016. Thus, Colony Specialty's request to enjoin the Circuit Court proceedings (Doc. 12) is DENIED as moot, but with leave to refile should the Circuit Court proceedings resume.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Colony Specialty's Motion to Vacate a Void Judgment (Doc. 2) is GRANTED;

2. Colony Specialty's Motion to Vacate and Enjoin State Proceedings (Doc. 12) is GRANTED to the extent it seeks to vacate proceedings after removal, and otherwise DENIED as moot with leave to refile under the circumstances set forth above.

DONE this 7th day of September, 2016.

                                                  /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE