IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KERRY CHAPPELL, *et al.*, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-140-MHT-GMB |
| ) | |
| COLONY SPECIALTY INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|     Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 20. For the reasons stated herein, the Magistrate Judge RECOMMENDS that all claims asserted on behalf of Plaintiffs Texas Steakhouse of Alabama, Inc., d/b/a/ Club O ("Texas Steakhouse") and B.A.T.S. Security, Inc. ("B.A.T.S.") be DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

On March 31, 2016, this case was removed to this court from the Circuit Court of Montgomery County, Alabama. Doc. 1. On June 16, 2016, the court denied Plaintiff Kerry Chappell's motion to remand and granted Colony Specialty Insurance Company's motion to realign the parties. Doc. 22. At that point, Texas Steakhouse of Alabama, Inc. ("Texas Steakhouse") and B.A.T.S. Security ("B.A.T.S.") were designated as plaintiffs, and Colony

Specialty Insurance Company was designated as the sole defendant. Doc. 22. Chappell remained a plaintiff. Doc. 22. On September 7, 2016, the court granted Colony Specialty Insurance Company's motion to vacate a void state court judgment against it. Doc. 27. The court also vacated all post-removal proceedings that occurred in state court following removal. Doc. 27.

On October 19, 2016, the court conducted a telephonic status conference during which Attorney Dan W. Taliaferro, who had entered a limited appearance for Texas Steakhouse and B.A.T.S., Doc. 10, represented that Texas Steakhouse and B.A.T.S. are no longer functioning enterprises and have no intention to prosecute this action or otherwise participate in the proceedings. Subsequently, the court issued an order directing all parties to show cause as to why the claims asserted on behalf of Texas Steakhouse and B.A.T.S. should not be dismissed for failure to prosecute. *See* Doc. 33. No party has expressed opposition to the dismissal of Texas Steakhouse and B.A.T.S.

## II. DISCUSSION

"The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006); Fed. R. Civ. P. 41(b). Even in the absence of statutory authority, the Supreme Court has held that courts have an "inherent power" to dismiss claims *sua sponte* for failure to prosecute as a result of "the control necessarily vested in courts to manage their own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Here, neither Texas Steakhouse nor B.A.T.S. has made any filings since the case was removed on March 1, 2016 and the parties were realigned on June 16, 2016. Attorney

Taliaferro has appeared twice—once for the limited purpose of submitting a Conflict Disclosure statement, and once to participate in the most recent telephonic status conference.  In both apperances, Attorney Taliaferro represented to the court that Texas Steakhouse and B.A.T.S. are no longer actively operating entities and have no intention of further participating in the lawsuit.  Thus, there being no objection, the court recommends that all claims asserted on behalf of Texas Steakhouse and B.A.T.S. be dismissed with prejudice for failure to prosecute.

### III.  CONCLUSION

Therefore, it is the RECOMMENDATION of the Magistrate Judge that all claims asserted by Texas Steakhouse and B.A.T.S. be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

It is further ORDERED that the parties shall file any objections to this recommendation **on or before December 1, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of

plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of November, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE