# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KERRY CHAPPELL,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )<br>) Case No.: 2:16-cv-00140<br>) |
| **COLONY INSURANCE COMPANY,** | )<br>)<br>) |
| **Defendant.** | ) |

## COLONY INSURANCE COMPANY'S REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT

Colony Insurance Company respectfully submits this Reply in Support of its Motion for Summary Judgment (Doc. 43). For the reasons set forth below, Colony is entitled to summary judgment as to all claims asserted by Plaintiff in his Motion and/or Petition for Declaratory Judgment.

## I. Summary of Reply

In its Motion for Summary Judgment, Colony demonstrated to the Court that three separate exclusions apply to exclude coverage for the consent judgment Plaintiff obtained against Texas Steakhouse: 1) Assault and Battery; 2) Weapons; and 3) Liquor Liability. Any one of those three separate grounds is sufficient to warrant summary judgment for Colony. Plaintiff has not proffered a substantive response to Colony's summary judgment arguments. Instead, Plaintiff has

submitted a Rule 56(d) Affidavit seeking to delay a summary judgment ruling by the Court, arguing that additional discovery is needed.

The Court should deny Plaintiff's requested Rule 56(d) relief. The discovery Plaintiff seeks as set forth in Plaintiff's Rule 56(d) Affidavit is grounded in speculation. The discovery sought is irrelevant to the issues before the Court. Colony's summary judgment motion asks that the Court rule that the Assault and Battery, Weapons, and Liquor Liability Exclusions in the Colony Policy exclude coverage for the $5 Million consent judgment against Texas Steakhouse. Interpreting whether those exclusions apply to the undisputed facts involves questions of law to be decided by the Court.

Plaintiff's argument that Colony attached a mere "exemplar" policy to its summary judgment motion is not accurate. Colony included with its summary judgment motion a true and correct copy of the Policy containing the identical and unambiguous Assault and Battery, Weapons, and Liquor Liability Exclusions at issue.

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[I]nferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. *Marshall v. City of Cape Coral, Fla.*, 797 F.2d 1555, 1559 (11th Cir. 1986).

2

Applying the three unambiguous exclusions in the Colony Policy for Assault and Battery, Weapons, and Liquor Liability to the undisputed facts that Plaintiff received gunshot wounds from a patron at a nightclub insured by Colony, Plaintiff as a judgment creditor cannot recover against Colony as a matter of law. The discovery Plaintiff seeks should not alter the Court's determination that the exclusions apply. That determination only involves questions of law for the Court to decide. For these reasons, Colony is entitled to summary judgment.

II. **There Is a Sufficient Record Before This Court on Which to Base a Determination As a Matter of Law That the Colony Policy Does Not Cover Plaintiff's Judgment against Texas Steakhouse**

The Federal Rules of Civil Procedure "specifically allow for summary judgment motions to be filed before discovery is commenced." *McIlwain v. Marengo County*, 2013 WL 5434145, at *8 (S.D. Ala. Sept. 26, 2013); *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 844 (11th Cir. 1989) (Rule 56 does not "require[] that a party wait until discovery has taken place…a court may grant summary judgment without the parties having conducted discovery"). "Indeed, it is expected that 'district judges will be open' to summary judgment motions filed 'at an early stage of litigation if the moving party clearly apprises the court that a prompt decision will likely avoid significant unnecessary discovery.'" *Sideridraulic System SpA v. Briese Schiffahrts GmbH & Co. KG*, 2011 WL

3204521, at *3 n.5 (S.D. Ala. July 26, 2011) (quoting *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1188 (11th Cir. 2005)).

Plaintiff asserts no colorable bases to support the position that the discovery he seeks would reveal disputed issues of material fact as to the insurance contract interpretation the Court must undertake as a matter of law. The discovery Plaintiff seeks is not relevant to the legal issues before the Court based on the summary judgment record Colony has presented to the Court. Summary judgment for Colony is proper on the record presented.

> **A. Discovery Concerning the Issuance and Delivery of the Policy Is Immaterial to the Issues Before the Court**

In Section I of his Rule 56(d) Affidavit, Plaintiff seeks discovery concerning the issuance and delivery of the Policy by Colony to Texas Steakhouse. Plaintiff argues that the Texas Steakhouse Policy attached as an exhibit in Colony's removal papers and summary judgment motion is a mere "exemplar policy." Plaintiff argues he should be entitled to discover whether the Policy issued and delivered to Texas Steakhouse is identical to what he argues is a mere "exemplar policy." Plaintiff argues that *if* Colony did not mail Texas Steakhouse a copy of the Policy, and *if* Texas Steakhouse was prejudiced by not having a copy of the Policy, <u>then</u> Colony could be estopped from relying on the Assault and Battery, Weapons, and Liquor Liability Exclusions.

4

The first problem with that contention is that Plaintiff offers no factual support whatsoever suggesting that the Colony Policy was not delivered to Texas Steakhouse. That is mere speculation by the Plaintiff, with no basis to support it. Additionally, Colony attaches hereto a certified copy of the Policy issued and delivered to Texas Steakhouse.[1] A review of the certified copy of the Colony Policy reveals the identical Assault and Battery, Weapons, and Liquor Liability Exclusions to those included in the copy attached in support of Colony's summary judgment motion.

Contrary to Plaintiff's assertion that the Colony attached only an "exemplar" policy to its summary judgment motion, Colony attached a true and correct copy of the actual Policy issued to Texas Steakhouse. Plaintiff refers to the Policy attached to Colony's motion as an "exemplar," suggesting it was a mere specimen policy with sample language.[2] The Policy attached to Colony's summary judgment motion included the Declarations Page listing Texas Steakhouse as the named insured. It included a Schedule of Forms and Endorsements clearly identifying the various coverage forms comprising the Policy. It identified the Policy number and the Policy period. And it included copies of the actual forms and endorsements identified in the Schedule of Forms and Endorsements, including the Assault and Battery, Weapons, and Liquor Liability Exclusions. (Doc. 44, Exhibit E).

---

[1] Exhibit A, Certified Copy of the Policy.
[2] Merriam-Webster's Dictionary defines "exemplar" as "a typical or standard specimen."

The certified copy of the Policy attached hereto as Exhibit A is identical to the Policy attached to Colony's summary judgment motion in all material respects including the Assault and Battery, Weapons, and Liquor Liability Exclusions.[3] The only difference is that the certified copy attached to this Reply also includes a certification cover page, and cancellation forms bearing no relevance to the coverage issues presented.

Plaintiff also fails to cite any authority supporting the proposition that the Court must disregard an uncertified (though authentic) copy of an insurance policy when considering a summary judgment motion.[4]

If Plaintiff "cannot demonstrate in a Rule 56(f)[5] affidavit that discovery might uncover evidence that would create a dispute as to a material fact, summary judgment is appropriate." *Greensboro Lumber Co. v. Ga. Power Co.*, 844 F.2d 1538, 1546 (11th Cir. 1988). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."

---

[3] Compare Exhibit A, Certified Copy of the Policy with (Doc. 44, Exhibit E).

[4] *See*, *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Roberts Bros., Inc.*, 550 F. Supp. 2d 1295, 1299 n.3 (S.D. Ala. 2008) (relying on previous order denying insured's motion to strike insurer's inclusion of an uncertified policy in its summary judgment motion). A copy of the order denying the motion to strike in that case is attached as Exhibit B. The order cites federal decisions from Alabama for the proposition that "[i]t is well-established that even inadmissible evidence may properly be considered on summary judgment if it may reasonably be reduced to admissible form at trial." *See, e.g.*, *U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1327 n.2 (S.D. Ala. 2003) (explaining that even unauthenticated documents may be considered at summary judgment so long as "it is apparent that those documents can be reduced to a admissible, authenticated form at trial").

[5] Now Rule 56(d) following amendments to the Federal Rules of Civil Procedure.

*Sec. & Exch. Comm'n v. Spence Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980).[6] To prevail under Rule 56(d), the party opposing summary judgment must specifically identify relevant information "where there is some basis for believing that the information sought actually exists." *Langer v. Encantado II, LLC*, 2017 WL 631694, at *1 (9th Cir. Feb. 16, 2017).

Plaintiff's Rule 56(d) Affidavit does nothing more than present "conclusory allegations without specific supporting facts." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (conclusory allegations in affidavits opposing summary judgment "have no probative value"). An affidavit that "merely conjectures that something might be discovered but provides no realistic basis for believing that further discovery would disclose evidence is insufficient to delay summary judgment." *Pina v. Children's Place*, 740 F.3d 785, 795 (1st Cir. 2014). *See also Superior Offshore Int'l, Inc. v. Bristrow Group, Inc.*, 490 Fed. Appx. 492, 501 (3d Cir. 2012) (affirming district court's denial of Rule 56(d) affidavit where foundation for discovery requests was "purely speculative"); *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (denying request for additional discovery where affidavit was "based on nothing more than wild speculation").

---

[6] The Eleventh Circuit, in *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

7

Contrary to Plaintiff's unfounded speculation that Texas Steakhouse might not have received the Colony Policy, it is apparent from correspondence from legal counsel for Texas Steakhouse Dan Taliaferro that it had received Colony's denial letter asserting the Assault and Battery and Weapons Exclusions. Colony wrote Texas Steakhouse on April 9, 2012, notifying Texas Steakhouse that coverage was not available for Plaintiff's lawsuit, quoting the Assault and Battery and Weapons Exclusions.[7]

On September 13, 2012, Mr. Taliaferro wrote Colony on behalf of Texas Steakhouse acknowledging receipt of Colony's April 9, 2012, coverage letter and requesting that Colony provide a defense to the claims asserted by Plaintiff.[8] Mr. Taliaferro argued to Colony that even though the Policy included an Assault and Battery Exclusion, he believed the allegations in the complaint still required that a defense be provided.[9] At no point did Mr. Taliaferro or Texas Steakhouse ever assert that a copy of the Colony Policy had not been delivered to Texas Steakhouse. In response to Mr. Taliaferro's September 13, 2012, letter, Colony again wrote Mr. Taliaferro and Texas Steakhouse on September 21, 2012,

---

[7] Exhibit C, Coverage Correspondence between Colony and Texas Steakhouse.
[8] Exhibit C, Coverage Correspondence between Colony and Texas Steakhouse.
[9] Exhibit C, Coverage Correspondence between Colony and Texas Steakhouse.

explaining why coverage was not available for Plaintiff's claims, again quoting the Assault and Battery and Weapons Exclusions.[10]

Therefore, Plaintiff's request for discovery regarding the issuance and delivery of the Policy is grounded in speculation and conjecture. That discovery is irrelevant to the issues before the Court: whether coverage is excluded by the unambiguous language of the Assault and Battery, Weapons, and Liquor Liability Exclusions. The Court should therefore reject Plaintiff's argument that he is entitled to delay summary judgment to seek this irrelevant information.

> **B. Discovery Concerning the Investigation and Claim Handling for Plaintiff's Claim Against Texas Steakhouse, Determination of the Duty to Defend, and Reasons for Colony's Coverage Position Is Irrelevant to the Issues before the Court**

In Section II of his Rule 56(d) Affidavit, Plaintiff seeks discovery concerning Colony's investigation and handling of Plaintiff's claim against Texas Steakhouse; Colony's determination whether it owed a duty to defend; and the reasons and intent for Colony's coverage position. Those facts are irrelevant to whether Plaintiff's $5 Million consent judgment against Texas Steakhouse is covered under the terms and exclusions in the Colony Policy. In judgment creditor garnishment actions pursuant to Section 27-23-2, the plaintiff must show the insured defendant in the underlying action "was insured against the loss or damage at the time when the [plaintiff's] right of action arose." ALA. CODE § 27-23-2.

---

[10] Exhibit C, Coverage Correspondence between Colony and Texas Steakhouse.

Under Alabama law, the "[i]nterpretation of an unambiguous insurance policy, such as the one in this case, is a legal question for the court." *Pa. Nat'l Mut. Cas. Ins. Co. v. All State Constr., Inc.*, 761 F. Supp. 2d 1306, 1310 (M.D. Ala. 2011).

The only facts relevant to whether the exclusions for Assault and Battery, Weapons, and Liquor Liability apply to exclude coverage for the injuries sustained by Plaintiff are: 1) Plaintiff sustained injuries from gunshot wounds; 2) from patrons at a nightclub insured by Colony; 3) who engaged in a shootout with another patron and security guard; 4) while Plaintiff attempted to enter the premises of the nightclub as a patron; and 5) the patrons who shot Plaintiff allegedly were overserved alcohol (Doc. 44, Exhibit A). None of these facts are in dispute. Plaintiff alleges these facts in his complaint against Texas Steakhouse, and he testified to each of these facts before the trial court prior to the $5 Million consent judgment being entered. Plaintiff does not assert in his Affidavit that he needs discovery to dispute any of those undisputed facts.

No discovery relating to Colony's investigation and claim handling, or the reasons and intent for Colony's coverage position will change these undisputed facts. Discovery of these issues is irrelevant to the legal effect to be given by the Court to the Assault and Battery, Weapons, and Liquor Liability Exclusions based on these undisputed facts. *See Diamond State Ins. Co. v. His House, Inc.*, 2011 WL 146837, at *4 (S.D. Fla. Jan. 18, 2011) (holding discovery concerning policies in

general; the issuance and procurement of policies; underwriting considerations; the insurer's interpretation of policies; and the insurer's handling of the insured's claim and coverage position were irrelevant to resolution of a "dispute about coverage based upon the plain language of…policies").

> C. **The Assault and Battery, Weapons, and Liquor Liability Exclusions Repeatedly Have Been Held to Be Unambiguous Under Nearly Identical Fact Patterns Involving Shootings or Violence at Nightclubs**

In Section III of his Rule 56(d) Affidavit, Plaintiff seeks discovery concerning whether the Colony Policy and exclusions for Assault and Battery, Weapons, and Liquor Liability are ambiguous, and whether Colony knew the Policy provisions were ambiguous. That discovery is irrelevant to the issues before this Court. In his Rule 56(d) Affidavit, Plaintiff identifies no specific provisions in those three exclusions he claims to be ambiguous. He offers no arguments that any of the three exclusions are susceptible to different constructions, one favorable to the insurer and one favorable to the insured.

"Under Alabama law, whether or not a provision of an insurance policy is ambiguous and unclear is a question of law for the court." *Hancock v. N.Y. Life Ins. Co.*, 899 F.2d 1131, 1135 (11th Cir. 1990). "Ambiguities will not be inserted into insurance contracts by strained and twisted reasoning where no such ambiguities exist." *Rehburg v. Constitution States Ins. Co.*, 555 So. 2d 79, 80 (Ala. 1989). The argument that an ambiguity exists, or potentially might exist, cannot

create an ambiguity in contract language, especially where that language is well settled in the industry. *Great S. Wood Preserving, Inc. v. Am. Home Assur. Co.*, 505 F. Supp. 2d 1289, 1294 (M.D. Ala. 2007).

Colony already has demonstrated in its initial summary judgment brief to this Court that federal courts in Alabama consistently have held exclusions for Assault and Battery, Weapons, and Liquor Liability under nearly identical facts to those in this case to be unambiguous and enforceable as written under Alabama law. *See:*

- *Robinson v. Hudson Specialty Ins. Group and Colony Ins. Co.*, 984 F. Supp. 2d 1199, 1206 (S.D. Ala. 2013) ("a review of the Colony policy reveals clear and **unambiguous** [assault and battery, weapons, and liquor liability] exclusions which apply to bar [the plaintiff's] Section 27-23-2 claim");

- *Colony Ins. Co. v. Griffin*, 2007 WL 4181738, at *11 (M.D. Ala. Nov. 26, 2007) ("all such claims are explicitly excluded from coverage by the **unambiguous** language of the Assault and Battery Exclusion");

- *S. Pioneer Prop. & Cas. Ins. Co. v. Bennett*, 2010 WL 2976555, at *2 (M.D. Ala. July 27, 2010) ("Enforcing these **unambiguous** policy provisions as written, the Court finds that the liquor policy does not cover Bennett's Count III claim for assault and battery.");

- *Harvey v. Acceptance Indem. Ins. Co.*, 2016 WL 3963041, at *4 (S.D. Ala. July 21, 2016) ("the Court concludes that the clear and **unambiguous** terms of the Policy establish that the Assault and Battery Exclusion applies to all coverage parts of the Policy, including the liquor liability coverage");

- *Montpelier U.S. Ins. Co. v. Hubbard*, 2015 WL 996598, at *4 (N.D. Ala. Mar. 6, 2015) ("under Alabama law, the language of an assault-and-battery exclusion in a commercial general liability policy [is] **unambiguous** and enforceable").

Neither in his summary judgment opposition nor his Rule 56(d) Affidavit, does Plaintiff attempt to distinguish the well-established case law Colony has cited demonstrating that the Assault and Battery, Weapons, and Liquor Liability Exclusions are unambiguous. No discovery is going to assist this Court in determining that these three exclusions are not ambiguous, particularly when the same exclusions under nearly identical fact patterns repeatedly have been held to be unambiguous.

Based on the foregoing, Colony Insurance Company respectfully requests that its Motion for Summary Judgment be granted, dismissing all claims against Colony Insurance Company as a matter of law.

Dated: March 3, 2017.

>Respectfully submitted,
>
>*/s/ Stephen E. Whitehead*
>Stephen E. Whitehead (asb-2282-t68s)
>Graham R. Pulvere (asb-6800-r76p)
>*Attorneys for Colony Insurance Company*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
steve@lgwmlaw.com
gpulvere@lgwmlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 3, 2017, a true and correct copy of the foregoing has been furnished either by filing electronically with the Clerk of Court and/or United States Mail, properly addressed and first-class postage prepaid:

Chuck James, II, Esq.
Serious Injury Law Group, LLC
418 Scott Street
Montgomery, AL 36104
chuck@seriouslawyers.com
*Attorney for Kerry Chappell*

                                           */s/ Stephen E Whitehead*
                                           OF COUNSEL