IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KERRY CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:16-cv-140-MHT-GMB |
| | ) | [WO] |
| COLONY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 20. On March 1, 2016, Plaintiff Kerry Chappell removed this case on the basis of diversity jurisdiction. Now before the court is Defendant Colony Insurance Company's Motion for Summary Judgment. Doc. 43. With briefing and additional discovery complete, the summary-judgment motion is ripe for disposition. After careful consideration of the parties' submissions, the applicable law, and the record as a whole, the undersigned RECOMMENDS that the motion for summary judgment (Doc. 43) be GRANTED, and that all of Chappell's claims be DISMISSED with prejudice.

## **I. PROCEDURAL AND FACTUAL BACKGROUND**

This case arises out of a shooting in January 2010 at Club O, a nightclub in Montgomery, Alabama, operated by Texas Steakhouse of Alabama, Inc., d/b/a/ Club O ("Texas Steakhouse"). Doc. 1 at 3. Chappell was injured when he was shot in the back, shoulder, and abdomen by another patron, Alvin Shackelford. Doc. 1-20 at 3–4. He

brought suit on January 6, 2012, in the Circuit Court of Montgomery County, Alabama against Texas Steakhouse; B.A.T.S. Security ("B.A.T.S."), which provided security services at Club O; Cotton Pillow, LLC; and the Estate of Ki Chon Choi. Doc. 1-20. Chappell alleged claims for negligence; wantonness; negligent hiring, training, and supervision; and a violation of the Alabama Dram Shop Act. Doc. 1-20. The Circuit Court entered a judgment in favor of Chappell against Texas Steakhouse and B.A.T.S. in the amount of $5,000,000. Docs. 1-4 & 1-5.

On December 24, 2015, Chappell filed a motion for declaratory judgment in the Circuit Court, arguing that Colony Specialty Insurance Company, which was not a defendant in the original lawsuit, wrongfully denied coverage for his $5,000,000 judgment against Texas Steakhouse under a liability insurance policy issued to Texas Steakhouse. Doc. 1-7 at 7–11. Chappell argued that Alabama Code § 27-23-2 permits him to bring a direct action against Colony Specialty Insurance Company because its insured, Texas Steakhouse, failed to satisfy the $5,000,000 judgment. Doc. 1-10 at 4–5. The Circuit Court granted Chappell's motion for declaratory judgment and found Colony Specialty Insurance Company liable for the full $5,000,000 judgment. Docs. 1-7 at 2–3 & 1-13 at 4. Once it received notice of the judgment, Colony Specialty Insurance Company removed the case to this court. Doc. 3. Following removal, this court voided the Circuit Court's declaratory judgment against Colony Specialty Insurance Company, dismissed B.A.T.S. and Texas Steakhouse, substituted Colony Insurance Company ("Colony") for Colony Specialty Insurance Company, and realigned the parties. Docs. 21, 22, 27, 34 & 36. This procedural maneuvering left Chappell as the sole plaintiff and Colony as the sole defendant. The case

is now a garnishment action by Chappell against Colony with the proceeds from the liability insurance policy issued to Texas Steakhouse in dispute. *See* Docs. 21 & 22.

**A.     The Policy**

Colony issued a liability insurance policy to Texas Steakhouse covering the period from April 17, 2009 to April 17, 2010. Doc. 44-5 at 3. The policy contains two coverage forms that are relevant to Chappell's claim to the proceeds: a commercial general liability coverage form and a liquor liability coverage form. The commercial general liability coverage form includes a $500,000 limit and states that Colony would "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury . . . to which this insurance applies." Doc. 44-5 at 29. The form explicitly disclaims any duty to defend against a suit seeking damages for bodily injury "to which this insurance does not apply." Doc. 44-5 at 29. The liquor liability coverage form includes a $100,000 limit and similarly requires Colony to pay any sum the insured is legally obligated to pay "to which this insurance applies if liability for such injury is imposed by reason of the selling, serving, or furnishing of any alcoholic beverage." Doc. 44-5 at 49.

The policy contains exclusions for injury or property damage arising out of various occurrences, including assault, battery, weapon use, and liquor liability. The exclusions act to bar coverage for damage and injuries resulting from specific behavior. For example, under the assault and battery exclusion, there is no coverage for any injury arising out of an assault or battery or various negligent acts that may have contributed to the assault or

battery.[1] *See* 44-5 at 19. Similarly, the weapons exclusion bars coverage for damage caused by the use of a lethal weapon. Doc. 44-5 at 26. Finally, even though there is a policy providing liquor liability coverage, the liquor liability exclusion effectively carves out injuries caused by negligence in serving alcoholic beverages. *See* Doc. 44-5 at 30. The exclusions, which are discussed in greater detail below, all act as complete bars to coverage where applicable.

**B.     Additional Discovery**

On February 22, 2017, after Colony filed the instant summary-judgment motion, Attorney Charles James, II, counsel for Plaintiff, submitted an affidavit in which he set out a series of facts that, he argued, had to be discovered before the court could properly rule on the summary-judgment motion. Doc. 46-1. Finding Mr. James' arguments well taken with respect to certain issues, the court ordered additional discovery relating to: "(1) whether the policy submitted to the court is the same policy [Colony] issued to Texas Steakhouse, and (2) whether it delivered that policy to Texas Steakhouse consistent with Alabama law." Doc. 51 at 6. Despite being granted 42 additional days to complete this discovery, Chappell filed a supplemental response to the summary-judgment motion indicating that he "has no additional documentation in support of his opposition to Colony Insurance Company's Motion for Summary Judgment and relies upon his previously submitted response in opposition (Doc. 46) and arguments presented at the April 27, 2017

---

[1] The policy defines "assault" as "an act creating an apprehension in another of immediate harmful or offensive contact; or an attempt to commit a battery." Doc. 44-5 at 58 (internal quotation marks omitted). "Battery" is defined as "an act which brings about harmful or offensive contact to another or anything connected to another." Doc. 44-5 at 58. Chappell's allegation that he was struck with a bullet fired from a handgun plainly constitutes a battery, if not also an assault.

4

telephonic hearing." Doc. 52.

On July 14, Colony submitted a supplemental reply in support of its motion for summary judgment along with three attachments, including a copy of the insurance policy and an affidavit from LaVera Brown, Chief Operating Officer of Thompson Insurance, Inc. ("Thompson Insurance"), the insurance agency in Montgomery, Alabama, to which Colony mailed the policy. These materials demonstrate that on May 8, 2009, Colony delivered two copies of the policy to Thompson Insurance. Doc. 55-1 at 2. As Texas Steakhouse's insurance agency, Thompson Insurance assisted it in obtaining a liability insurance policy from Colony for Club O. Doc. 55-1 at 2.

## II. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both jurisdiction and venue within the Middle District of Alabama.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249−50 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary

6

judgment." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

## IV. DISCUSSION

### A. Delivery of the Policy

In his summary-judgment response, Chappell advanced three primary arguments, none of which substantively addressed the merits of Colony's motion. Specifically, Chappell sought discovery on three topics: (1) the delivery and authenticity of the policy itself; (2) Colony's investigation and handling of the underlying claim; and (3) the ambiguity of the policy exclusion language. *See* Doc. 46-1. As discussed above, the court found merit in Chappell's arguments with the respect to the authenticity and delivery of the policy and ordered limited additional discovery pertaining to these issues.[2] *See* Doc. 51 at 4–8. However, the court concluded that any discovery related to Colony's handling of the underlying claim was not necessary because "[a]ny allegations of bad faith or misconduct on the part of Colony are inconsequential" to Chappell's garnishment claim. Doc. 51 at 7. Finally, the court could discern no need for additional discovery pertaining to the policy language itself, but invited Chappell to advance any argument related to the

---

[2] Specifically, the court agreed with Chappell that under Alabama law, "every policy shall be mailed or delivered to the insured . . . within a reasonable period of time after its issuance." Ala. Code § 27-14-19 (1975). A failure to comply with § 27-14-19 may estop an insurer from relying on a coverage exclusion. *See Brown Mach. Works & Supply Co. v. Ins. Co. of N. Am.*, 659 So. 2d 51, 58 (Ala. 1995).

7

ambiguity of the language in his supplemental response. *See* Doc. 51 at 7–8. Chappell declined to do so. *See* Doc. 52.

There is no material fact in dispute prohibiting the court from concluding as a matter of law that the policy attached to Colony's summary-judgment motion is the same policy issued by Colony to Texas Steakhouse and that Colony fulfilled its obligation to deliver the policy to Texas Steakhouse. Indeed, the policy mailed to Thompson Insurance, Colony's insurance agent, is identical to the policy Colony submitted with its summary-judgment motion. *Compare* Doc. 55-1 at 5–89, *with* Doc. 44-5 at 2–92. Moreover, an executive of Thompson Insurance confirmed that Colony delivered two copies of the policy to Thompson Insurance on May 9, 2009. *See* Doc. 55-1 at 2. Thus, Colony complied with its delivery obligations under Alabama law. *See, e.g.*, *Auto-Owners Ins. Co. v. Toxey Const. Co., Inc.*, 2012 WL 1884956, at *6 (N.D. Ala. May 23, 2012) ("[U]nder Alabama law, delivery to the agent of the [policy] is construed as delivery to the insured . . . .") (citations omitted). As a result, all issues of material fact relating to the delivery or authenticity of the policy have been resolved, and the court may therefore proceed to the substance of the coverage arguments advanced in Colony's summary-judgment motion.

**B.      Policy Exclusions**

When a party seeks to apply the proceeds of an insurance policy to satisfy an existing judgment, as Chappell does here, "the injured party acquires a vested interest [in] the insured's rights under the policy and . . . the injured party may compel the insurer to pay the judgment." *Travelers Indem. Co. of Conn. v. Miller*, 86 So. 3d 338, 344–45 (Ala. 2011). That interest is subject to any defenses to liability that would be available to the

insurer in a direct action brought by the insured. *Id.* at 345. Moreover, the injured party can bring an action only after securing a judgment and "only if the insured was covered under the terms of the policy." *Id.* In Alabama, this garnishment action is governed by Alabama Code § 27-23-2, which allows an individual to seek the proceeds of a liability insurance policy to satisfy a final judgment that has been outstanding for 30 days.[3] *See* Ala. Code § 27-23-2 (1975). As explained by the *Travelers* court, "the defendant in such action [must be] insured against the loss or damage at the time when the right of action arose." *Id.* Colony contends that several exclusions in the liability insurance policy issued to Texas Steakhouse prevent coverage for Chappell's injuries. Doc. 44 at 11. Specifically, Colony argues that each of the assault and battery, firearms, and liquor liability exclusions block coverage for Chappell's injuries. Doc. 44 at 11.

"In Alabama, general rules of contract law govern an insurance contract." *Robinson v. Hudson Specialty Ins. Grp.*, 984 F. Supp. 2d 1199, 1205 (S.D. Ala. 2013) (citation and internal quotation marks omitted). As with any contract, the court begins its analysis with the text of the policy itself, and it "must enforce the insurance policy as written if the terms are unambiguous." *Safeway Ins. Co. of Ala., Inc. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005). If a contract's terms are "'plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court.'" *Lancer Ins. Co. v. Newman Specialized Carriers, Inc.*, 903 F. Supp. 2d 1272, 1276 (N.D. Ala. 2012) (quoting

---

[3] Because "federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996), and actions brought under § 27-23-2 are considered to be substantive, the court here applies Alabama law. *See, e.g.*, *Canal Ins. Co. v. INA Trucking, LLC*, 2017 WL 1146984, at *5 (surveying case law and concluding that § 27-23-2 is outcome-determinative and therefore substantive).

9

*Nationwide Ins. Co. v. Rhodes*, 870 So. 2d 695, 696–97 (Ala. 2003)). A policy is not ambiguous because the parties offer differing interpretations using "strained or twisted reasoning." *Safeway*, 912 So. 2d at 1143 (citation and internal quotation marks omitted). Rather, ambiguity is determined by "what a reasonably prudent person applying for insurance would have understood the term to mean," and a term is only ambiguous if "applying the ordinary meaning, one would conclude that the provision containing the term is reasonably susceptible to two or more constructions." *Id.* at 1144 (citation and internal quotation marks omitted).

"Policy exclusions are to be narrowly interpreted, and, when an ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording." *Mid-Continent Cas. Co. v. Advantage Med. Elec., LLC*, 196 So. 3d 238, 244 (Ala. 2015) (citations and internal quotation marks omitted). This is because insurance policies "shall be construed liberally in favor of the insured and strictly against the insurer." *Allstate Ins. Co. v. Skelton*, 675 So. 2d 377, 379–80 (Ala. 1996) (citation omitted). While the insured typically bears the burden of establishing coverage, "the burden shifts and the insurer bears the burden of proving the applicability of any policy exclusion." *Robinson*, 984 F. Supp. 2d at 1205–06. Colony carries that burden with respect to each of the three relevant exclusions.

### 1. *Assault and Battery Exclusion*

The policy's assault and battery exclusion provides:

> This insurance does not apply to damages or expenses due to "bodily injury," "property damage" or "personal and advertising injury" arising out of or resulting from:

(1) [Assault or battery] committed by any person;

(2) The failure to prevent [assault or battery] by any person;

(3) The failure to provide an environment safe from [assault or battery];

(4) The failure to warn of the dangers of the environment which could contribute to [assault or battery];

(5) [Assault or battery] arising out of the negligent hiring, supervision, or training of any person;

(6) The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed by or at the direction of the insured.

Doc. 44-5 at 19. Thus, this provision unambiguously excludes coverage in the event of an injury arising directly out of an assault or battery.

Here, Chappell's injuries arise directly out of a battery because he was shot in the back, shoulder, and abdomen by a fellow patron at Club O. *See, e.g.*, Doc. 1-20 at 3–4. Chappell contends that Texas Steakhouse and B.A.T.S. contributed to his injuries in that they negligently failed to prevent the shooting and exacerbated the danger by serving the shooter alcohol after he was intoxicated. Doc. 1-20 at 3–7. However, any reasonably prudent person shopping for insurance would conclude that the provisions contained in the policy's assault and battery exclusion apply directly to Chappell's claims because they all arise out of the battery. *See Montpelier U.S. Ins. Co. v. Hubbard*, 2015 WL 996598, at *4 (N.D. Ala. Mar. 6, 2015) ("All of [the plaintiff's] claims against the insureds merely allege negligence or wantonness in failing to prevent or suppress the attack on her son by another patron, Crenshaw, and these are precisely the types of claims the assault and battery

11

exclusion was intended to exclude from coverage.") (internal quotation marks omitted). Even narrowly interpreting the assault and battery provision, coverage for Chappell's injuries is excluded.

Courts applying the same or similar policy language have concluded that it unambiguously bars coverage in factually similar cases brought by judgment creditors like Chappell. For example, in *Robinson*, the plaintiff sought to collect under a Colony insurance policy issued to a nightclub after he was shot there and suffered serious injuries. *See Robinson*, 984 F. Supp. 2d at 1201–02. Like Chappell, the plaintiff asserted various theories of negligence and wantonness and brought a claim under Alabama's Dram Shop Act. *See id.* at 1202. Applying identical policy language, the court concluded that the assault and battery exclusion applied. *See id.* at 1206 ("There is no coverage under Ala. Code § 27-23-2 for [the plaintiff's] allegations because they are clearly predicated on events to which the Colony assault and battery exclusion applies."). And in *Colony Insurance Company v. Griffin*, a court in this district applied similar reasoning to conclude that the assault and battery exclusion from a Colony policy barred coverage where the plaintiff was injured after an individual shot a firearm into a crowd of people. *See Colony Ins. Co. v. Griffin*, 2007 WL 4181738, at *11 (M.D. Ala. Nov. 26, 2007). Chappell's claim suffers the same fate.

### 2. *Weapons Exclusion*

The insurance policy issued to Texas Steakhouse also contains an exclusion for injuries caused by the use of weapons. Specifically, the policy does not cover bodily injury "arising out of or resulting from the possession, ownership, maintenance, use of or

12

threatened use of a lethal weapon, including but not limited to firearms by any person." Doc. 44-5 at 26. Here, of course, all of Chappell's injuries arise directly out of the use of a firearm. *See, e.g.*, Doc. 1-20 at 4 ("[Chappell] was caused to be shot in his back, shoulder and abdomen . . . ."). Therefore, the weapons exclusion bars coverage. *See, e.g.*, *Robinson*, 984 F. Supp. 2d at 1206–07 (stating that "each and every bodily injury alleged by [the plaintiff] stems from the fact that he was shot five (5) times with a weapon" in concluding that his injuries fell "squarely within the weapons exclusion of Colony's policy"); *Seneca Specialty Ins. Co. v. 845 North, Inc.*, 2015 WL 3400415, at *4 (M.D. Fla. May 26, 2015) (concluding that where the underlying action asserted negligence claims for the failure to prevent a fatal shooting an insurance policy's assault and battery and weapons exclusions prevented coverage). This, too, is a complete bar to recovery.

### 3. *Liquor Liability Exclusion*

Finally, Colony contends that Chappell's claims fall within the liquor liability exclusion. This exclusion carves out coverage for bodily injuries as a result of:

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Doc. 44-5 at 30. As already discussed, Chappell brought a claim under Alabama's Dram Shop Act in the underlying state-court action. *See* Doc. 1-20 at 6–7.

Courts analyzing similar or identical liquor liability provisions have barred claims that "directly involve alcohol." *See VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*,

13

645 F. App'x 912, 916–17 (11th Cir. 2016); *Robinson*, 984 F. Supp. 2d at 1207 (finding that the plaintiff's negligence claims were "inextricably intertwined with his alcohol claims, which fall under what are clear and unambiguous terms of the Colony liquor liability exclusion"); *Catlin Specialty Ins. Co. v. Philon*, 2013 WL 12123743, at *2 (S.D. Ala. Feb. 20, 2013) (concluding that a similar liquor liability exclusion applies to "any claims of bodily injury asserted in the underlying litigation which have a direct nexus to the sale or service of alcohol or the causing or contributing to any person's intoxication"). The essence of Chappell's claim against Texas Steakhouse is that it negligently served the shooter alcohol even when he was noticeably intoxicated, which directly contributed to the shooting that injured Chappell. *E.g.*, Doc. 1-20 at 6–7. Thus, Chappell's claims in the underlying state-court action are inextricably intertwined with the purportedly negligent sale of alcohol and the intoxication that resulted, bringing them within the purview of the liquor liability exclusion. *See, e.g.*, *Robinson*, 984 F. Supp. 2d at 1207.

Ultimately, the policy's assault and battery, weapons, and liquor liability exclusions are clear, unambiguous, and not susceptible to more than one construction. And all of Chappell's claims fall neatly within the exclusions. Perhaps acknowledging this reality, Chappell has not advanced any meaningful argument that the exclusions are inapplicable, instead questioning the policy's delivery and legitimacy, and attempting to inject ambiguity into the policy language. Even in that effort, Chappell outlines the body of law relating to ambiguity without identifying the portions of this Colony policy that he claims to be ambiguous. *See, e.g.*, Doc. 46-1 at 4–6. This argument in unavailing. The policy language is subject to only one reasonable interpretation, and Chappell's injuries fall within the

scope of each of the three exclusions. As a result, Chappell cannot invoke the insurance policy issued to Texas Steakhouse to satisfy his $5,000,000 state-court judgment.

## V. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the motion for summary judgment (Doc. 43) be GRANTED, and that all claims asserted by Plaintiff Kerry Chappell be DISMISSED with prejudice.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **August 24, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the part from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest justice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 10th day of August, 2017.

                                      /s/ Gray M. Borden
                                      GRAY M. BORDEN
                                      UNITED STATES MAGISTRATE JUDGE